# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40961
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

KENNETH CRISSUP,

Plaintiff-Appellant

v.

HONORABLE THOMAS GREENWELL; JAMES ODELL; MARK W. STOLLEY,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-137

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenneth Crissup, Texas prisoner # 1258732, appeals the dismissal of his 42 U.S.C. § 1983 action against Judge Thomas Greenwell, James Odell, and Mark Stolley. We affirm.

Crissup alleged that the defendants conspired to deprive him of his due process rights and conspired to provide false information to Texas appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40961

courts concerning his criminal trial.  Additionally, he alleged that Greenwell exhibited bias against him and created false documents that became part of the trial record, that Odell presented false information to the state courts, and that Stolley–his defense attorney–provided ineffective assistance of counsel.

Crissup has abandoned his claims based on § 1983. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  He now identifies subsections (2) and (3) of 42 U.S.C. § 1985 as statutory bases for his action.  We review this claim for plain error. *See Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123-29 (5th Cir. 1997); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996).  On plain error review, we may exercise our discretion to grant relief if Crissup establishes an error that is clear or obvious, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Crawford*, 131 F.3d at 1123-29; *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2009).

The complaint's claims involving the Due Process Clause and state court proceedings do not implicate subsections 2 and 3 of § 1985. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 149 (5th Cir. 2010).  Thus, Crissup has not shown that there was any error at all, much less clear or obvious error, in denying him § 1985 relief. *See id.*; *Alaniz*, 591 F.3d at 776.

Crissup has abandoned, by failing to brief it, his claim that the district court abused its discretion by denying a new trial. *See Yohey*, 985 F.2d at 224-25.  Additionally, Crissup fails to show that the district court abused its discretion with regard to discovery. *See Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991).

AFFIRMED.